# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANTWISHIA THOMAS,<br><br>*Plaintiff*,<br><br>v.<br><br>SHERIFF DAVID DAVIS and BIBB COUNTY SHERIFF'S OFFICE,[1]<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:24-cv-00145-TES |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Antwishia Thomas filed this employment action on May 13, 2024, alleging violations of Title I of the Americans with Disabilities Act,[2] 42 U.S.C. § 12111; the Rehabilitation Act, 29 U.S.C. § 794; and state-law claims under the Georgia Equal Employment for Persons with Disabilities Code ("GEEDC"), O.C.G.A. § 34-6A-1; and the Georgia Fair Employment Practices Act ("GFEPA"), O.C.G.A. § 45-19-20. [Doc. 12]. Plaintiff filed her Amended Complaint [Doc. 12], which rendered moot Defendants'

---

[1] Although Sheriff Davis's Motion does not clearly argue the point, as a matter of law, the Bibb County Sheriff's Office is not a legal entity capable of being sued. *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); Order, *Downing v. Thomas*, No. 5:23-cv-00501-TES (M.D. Ga. Aug. 7, 2024), ECF No. 89 at 14 ("Georgia sheriffs' departments are not proper parties to a suit like this because they are not legal entities capable of being sued."). Accordingly, the Court **DISMISSES** Defendant Bibb County Sheriff's Office as a party to this action.

[2] Congress amended the ADA in 2008 via the ADA Amendments Act of 2008 (the "ADAAA"). Any reference to the ADA in this opinion is to the Act as amended by the ADAAA. *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1267 (11th Cir. 2014).

original Motions to Dismiss [Doc. 10], [Doc. 11]. This is Sheriff Davis's renewed Motion to Dismiss [Doc. 19], wherein he asks the Court to dismiss Plaintiff's claims against him based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## FACTUAL BACKGROUND

Plaintiff began working for the Bibb County Sheriff's Office as a Deputy Sheriff on September 13, 2021. [Doc. 12, ¶¶ 17, 18]. Because of her disability, Plaintiff obtained a disability parking tag and parked in the handicap parking spots at the Sheriff's Office. [*Id.* at ¶¶ 17, 20]. On August 8, 2023, Major Eric Woodford emailed all employees and instructed that "employees are not permitted to park in handicap parking spots." [*Id.* at ¶ 21]. In response, Plaintiff informed Captain Shermaine Jones of her disability and stated that she needed to continue parking in the handicap spots. [*Id.* at ¶ 22]. Captain Jones did not respond to Plaintiff's request for accommodations. [*Id.* at ¶ 23].

Since Captain Jones did not respond, Plaintiff continued to park in the handicap spots. [*Id.* at ¶ 24]. On October 10, 2023, Colonel Henderson Carswell[3]—via Sergeant Samson—requested that Plaintiff move her car from the handicap spot immediately. [*Id.* at ¶ 25]. Following Colonel Carswell's request, Plaintiff began parking in the lot across the street. [*Id.* at ¶ 26].

After she was asked to park in a regular spot across the street, Plaintiff filed a

---

[3] Although Plaintiff spells the name "Corswell," Sheriff Davis points out that the correct spelling is "Carswell." [Doc. 19, p. 4 n.7].

2

Charge of Discrimination with the Equal Employment Opportunity Office on November 13, 2023—six weeks later. [*Id.* at ¶ 27]. After receiving notice of her charge, Sheriff Davis met with Plaintiff and "claimed they didn't know she was disabled," and "told her it was now okay to park in the handicap parking spot." [*Id.* at ¶ 28]. Plaintiff now brings this suit to recover damages for the "severe emotional distress" she suffered because she couldn't park in a handicap spot for just over a month. *Id.*

## **LEGAL STANDARD**

Sheriff Davis first raises a sovereign-immunity defense. The Eleventh Circuit instructs that the Eleventh Amendment sovereign immunity analysis is more appropriately conducted under Rule 12(b)(1) where the analysis does not involve the merits of the case. *See Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 (11th Cir. 2010) ("[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists.") (citing *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996)); *see also Bennett*, 102 F.3d at 488 ("Rule 12(b)(1) of the Federal Rules of Civil Procedure provides a vehicle for the dismissal of actions for lack of [subject-matter] jurisdiction."). The Eleventh Circuit does "caution" that a district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in

the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels

4

and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all factual allegations in the complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery

will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

In her Amended Complaint, Plaintiff sues Sheriff Davis in his official and individual capacities. [Doc. 12, ¶ 5]. However, in her Response [Doc. 23], Plaintiff "concedes that the individual capacity claims cannot survive." [Doc. 23, p. 8 n.2]. Accordingly, Plaintiff's claims against Sheriff Davis in his individual capacity are **DISMISSED**. With that handled, the Court moves to the claims against Sheriff Davis in his official capacity.

Suing a sheriff in his official capacity is, "in essence, a suit against the entity for which the sheriff is an officer or agent." *Robinson v. Integrative Det. Health Servs., Inc.*, No. 3:12-CV-20 CAR, 2014 WL 1314947, at *12 (M.D. Ga. Mar. 28, 2014). In the employment context, a Georgia sheriff is an arm of the state. *See Krage v. Macon Bibb Cnty. Ga.*, No. 22-10061, 2022 WL 16707109, at *4 (11th Cir. Nov. 4, 2022); *Pellitteri v. Prine*, 776 F.3d 777, 783 (11th Cir. 2015); *Halliburton v. Peach Cnty. Sheriff's Dep't*, No. 5:11-CV-109 MTT, 2012 WL 4468764, at *5 (M.D. Ga. Sept. 26, 2012). Therefore, Plaintiff carries the burden to overcome Georgia's Eleventh Amendment immunity.

It is well-established that the "Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). Absent a state's consent or waiver, Congress may explicitly abrogate Eleventh

Amendment immunity—however, Congress must state that intention clearly and the act must be pursuant to a valid grant of Congressional authority. *See Bd. Tr. Univ. Alabama v. Garrett*, 531 U.S. 356 (2001) (*Garrett I*).

I.    **ADA**

As applied to the ADA, the Supreme Court held that Congress exceeded its authority in abrogating any state's Eleventh Amendment immunity under Title I. *Garrett I*, 531 U.S. at 356. Therefore, the Eleventh Amendment clearly bars any suit under Title I of the ADA without Georgia's explicit consent. Georgia has not given consent; therefore, Plaintiff cannot bring a Title I ADA claim against Sheriff Davis. *See Gary v. Ga. Dep't of Hum. Res.*, 323 F. Supp. 2d 1368, 1372 (M.D. Ga. 2004). The same is true for Plaintiff's Title V retaliation claim as well. *Westbrooks v. Ga. Dep't of Hum. Servs.*, No. 5:17-CV-00365-TES, 2020 WL 426493, at *2 (M.D. Ga. Jan. 27, 2020) ("Thus, like her discrimination claim under Title I of the ADA, Plaintiff's retaliation claim under Title V cannot be brought in federal court.").

Plaintiff tries to get around sovereign immunity on her ADA claims by citing to *Williamson v. Department of Human Resources*, where the Georgia Court of Appeals held: "Because, in the [G]FEPA, the state by legislative act waived its sovereign immunity as to *state* disability discrimination claims by its employees, the state may not selectively cloak itself in sovereign immunity as to *federal* disability discrimination claims by its employees." 572 S.E.2d 678, 681 (Ga. Ct. App. 2002). So far, so good for Plaintiff's

argument.

However, barely six months ago, the Georgia Court of Appeals overruled *Williamson*. *Augusta Judicial Circuit Office of Public Defenders v. Hodge-Peets*, 899 S.E.2d 363, 370 (Ga. Ct. App. 2024). In *Hodge-Peets*, the Georgia Court of Appeals could not have been clearer in holding: "the State did not waive its Eleventh Amendment immunity to ADAAA claims by enacting the FEPA," and thus, it explicitly "overrule[d] *Williamson* to the extent it found otherwise."[4] *Id.*

Even more, as this Court previously held, any reliance on *Williamson* "is simply misplaced when it comes to [claims] under Title I of the ADA brought in federal court, because the Eleventh Circuit Court of Appeals has recognized that '[a] state does not waive immunity against a federal law by waiving immunity against a similar state law.'" *Westbrooks*, 2020 WL 426493, at *2 (citing *Stroud v. McIntosh*, 722 F.3d 1294, 1299 n.2 (11th Cir. 2013)).

To the extent Plaintiff seeks injunctive relief,[5] she is not entitled to it. Although a party may seek prospective injunctive relief—via *Ex parte Young*, 209 U.S. 123 (1908)— against state officials in their official capacity under the ADA, *Garrett I*, 531 U.S. at 374 n.9, any claim Plaintiff may have for prospective relief fails because she admits that the

---

[4] Curiously, and concerningly, Plaintiff never mentioned *Hodge-Peets* in her brief.

[5] While Plaintiff makes passing references to injunctive relief twice in the "damages" portion of her Amended Complaint, *see* [Doc. 12, p. 16], she did not argue for injunctive relief or mention the *Ex parte Young* exception in her Response to Defendant's sovereign-immunity arguments. *See generally* [Doc. 23].

8

violation is resolved. [Doc. 12, ¶ 28]. And, Plaintiff does not "plausibly show that she will suffer disability discrimination by [Sheriff Davis] in the future." *Kennedy v. Solano*, 735 F. App'x 653, 655 (11th Cir. 2018);[6] *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000) ("*Ex parte Young* applies to cases in which the relief against the state official directly ends the violation of federal law, as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or simply to compensate the victim."). In other words, because Plaintiff received her requested accommodation, nothing lingers for this Court to enjoin. *Banchieri v. City of N.Y.*, No. 01 CV 1853 (HB), 2001 WL 1018351, at *3 (S.D.N.Y. Aug. 31, 2001) ("Consequently, plaintiff is not subject to ongoing [disability] discrimination, has alleged no case or controversy, and has no standing to bring a claim for injunctive relief.").

Therefore, the Court **DISMISSES** Plaintiff's ADA claims against Sheriff Davis.

## II. Rehabilitation Act

To state a cause of action under the Rehabilitation Act, a plaintiff must allege that he or she is a qualified individual with a disability who was excluded from participation in a program or activity, denied the benefits of a program or activity, or

---

[6] Even more, as discussed below, Plaintiff failed to properly allege the elements of a Rehabilitation Act claim—which are the same as an ADA claim. Therefore, she is not entitled to injunctive relief because she failed to show a likelihood of success on the merits. *Cf. O'Connor v. Jones*, No. 20-11456, 2021 WL 3012653, at *4 (11th Cir. July 16, 2021).

subjected to discrimination because of said disability, and that the program or activity receives federal financial assistance. *Am. Ass'n of People with Disabilities*, 227 F. Supp. 2d at 1290. These elements are governed by the same standards used in ADA cases. *Jackson v. Agency for Persons with Disabilities Fla.*, 608 F. App'x 740, 741 (11th Cir. 2015).

Plaintiff's Rehabilitation Act claim is not expressly barred by the Eleventh Amendment. Instead, the Eleventh Circuit concluded: "[Congress] unambiguously conditions the receipt of federal funds on a waiver of Eleventh Amendment immunity to claims under section 504 of the Rehabilitation Act. By continuing to accept federal funds, the state agencies have waived their immunity." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1293 (11th Cir. 2003) (*Garrett II*).

The Rehabilitation Act specifically states:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]

29 U.S.C. § 794(a). The Act further defines "program or activity" as: "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government[.]" *Id.* at § 794(b)(1)(A). Put differently, "[s]ince a program or activity includes all of the operations of an instrumentality of local government, the Rehabilitation Act is applicable if an instrumentality of local government receives federal financial assistance." *Am. Ass'n of*

*People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1293 (M.D. Fla. 2002). As for retaliation, the standard is the same under the Rehabilitation Act as it is under the ADA. *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007).

In asserting her Rehabilitation Act claims, Plaintiff alleges: "Upon information and belief, the Defendants receive Federal Aid." [Doc. 12, ¶ 39]. That allegation is simply a "formulaic recitation of a cause of action's elements" with no factual support in the Amended Complaint. *Twombly*, 550 U.S. at 545. That "will not do." *Id.* As the district court explained in *McBay v. City of Decatur, Alabama*, an allegation that simply claims—without more—a "[d]efendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504" is insufficient. No. CV-11-S-3273-NE, 2014 WL 1513344, at *7–8 (N.D. Ala. Apr. 11, 2014). Without properly alleging that Sheriff Davis receives federal funds, there can be no liability under the Rehabilitation Act. Critically, without a proper factual foundation showing that Sheriff Davis accepted federal aid, the sole basis for any abrogation of his sovereign immunity goes away. *Garrett II*, 344 F.3d at 1293.[7] In other words, Plaintiff's Amended Complaint failed to show that Sheriff Davis is not immune from suit under the Eleventh Amendment.

    A.    <u>Failure to Accommodate</u>

But, even assuming the Court got it wrong regarding Plaintiff's allegations

---

[7] As for any potential injunctive relief Plaintiff seeks under the Rehabilitation Act, the Court incorporates the above discussion finding it unavailable here.

11

regarding receipt of federal aid, Plaintiff also failed to sufficiently allege the remaining elements of her failure-to-accommodate claim.

First, Plaintiff must adequately allege a disability. *Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 484 (11th Cir. 2011). And, again, the Rehabilitation Act uses the ADA's definition of disability. *Wolfe v. Postmaster Gen.*, 488 F. App'x 465, 467 (11th Cir. 2012). That means Plaintiff must show: "(A) a physical or mental impairment that substantially limits one or more major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

To carry that burden, Plaintiff alleges that during her employment, she was "disabled, and her disability required her to limit her walking—which was a daily life activity." [Doc. 12, ¶ 40].[8] Again, that's not enough. "Under the prevailing *Twombly/Iqbal* standard, it is not sufficient to merely allege that [a plaintiff] has a disability." *Washington v. Russell Cnty. Bd. of Educ.*, No. 3:15-CV-942-WKW-WC, 2016 WL 5339356, at *7 (M.D. Ala. Aug. 31, 2016) *vacated on other grounds by* No. 3:15-CV-942-WKW, 2016 WL 5339731 (M.D. Ala. Sept. 22, 2016). Instead, "[a plaintiff] must allege sufficient, plausible facts showing that [she] is indeed disabled." *Id.* While she alleges that her unnamed disability limited her ability to walk, she does not "specify whether she had a

---

[8] Plaintiff also alleges that she received a handicap parking tag. [Doc. 12, ¶ 41]. But "[her] ability to obtain a handicapped parking placard does not require any particular finding here." *Pinto v. Massapequa Pub. Sch.*, 820 F. Supp. 2d 404, 409 (E.D.N.Y. 2011).

12

physical or a mental disability, what the disability was, or **how** it impaired a major life activity." *Chapman*, 442 F. App'x at 485.

Other courts reached the same conclusion on similar allegations. For example, in *Scott v. Florida Department of Education Division of Vocational Rehabilitation*, the court found where "[plaintiff's] only allegation[] concerning her disability is that she is disabled due to lower back injuries does not suffice to support the assertion that [she] is disabled." No. 3:08-CV-228-J-32MCR, 2008 WL 2245613, at *2 (M.D. Fla. May 9, 2008). Again, in *Gaines v. Diaz*, the court held that at the motion-to-dismiss stage: "The claim [that the plaintiff] suffered from unspecified lower body mobility and pain condition(s) does not alone demonstrate a disability." No. 1:13-CV-01478-MJS, 2014 WL 4960794, at *6 (E.D. Cal. Oct. 1, 2014); *see also Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify [her] disability."); *Fox v. Ga. Ports Auth.*, No. CV415-321, 2016 WL 3030179, at *2 (S.D. Ga. May 25, 2016) ("Courts have held that a plaintiff must allege [her] disability with specificity to state a claim under the ADA.") (internal citations omitted); *Hankins v. Dean of Commc'ns, Valencia Coll.*, No. 6:12-CV-997-ORL-28, 2012 WL 7050630, at *2 (M.D. Fla. Dec. 21, 2012) ("[Plaintiff] merely makes a conclusory reference to being a 'disabled applicant,' which is insufficient to state a claim for relief under the ADA.").

As for Plaintiff's allegation that her disability "required her to limit her walking,"

13

that is not enough, either. The Eleventh Circuit has made clear that "a diminished activity tolerance for normal daily activities such as lifting, running and performing manual tasks, as well as a lifting restriction, [do] not constitute a disability under the ADA." *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1222 (11th Cir. 2000); *see also Rossbach v. City of Miami*, 371 F.3d 1354, 1358 (11th Cir. 2004) (noting, with approval, that "other courts have consistently held that someone who walks, sits, stands or sleeps 'moderately below average' is not disabled under the Act").

Even more, Plaintiff alleges that she "was able to perform her position with or without accommodations." [Doc. 12, ¶ 42]. However, "if an employee does not require an accommodation to perform her essential job functions, then the employer is under no obligation to make an accommodation, even if the employee requests an accommodation that is reasonable and could be easily provided." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020); *see also Albright v. Columbia Cnty. Bd. of Educ.*, 135 F. App'x 344, 346 (11th Cir. 2005) ("Moreover, the record clearly shows that Albright did not require an accommodation to perform her job."); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1259 (11th Cir. 2001) ("An accommodation is 'reasonable' and necessary under the ADA *only* if it *enables* the employee to perform the essential functions of the job.") (emphasis added); *Brumfield v. City of Chicago*, 735 F.3d 619, 633 (7th Cir. 2013) ("In sum, the ADA does not require an employer to accommodate disabilities that have no bearing on an employee's ability to perform the essential

functions of her job.").

Taken together, Plaintiff failed to allege sufficient facts to state a plausible claim for failure to accommodate under the Rehabilitation Act.[9]

### B. *Retaliation*

Plaintiff's RA retaliation claim also fails based on sovereign immunity as outlined above. And once again, even if that were not true, Plaintiff likewise failed to plead sufficient facts to support a claim. To plausibly allege a claim of retaliation, a plaintiff must generally show: "(1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

First, it is not clear that Plaintiff's bareboned assertion to Captain Jones that she was "disabled" constituted protected activity. To be protected activity, Plaintiff must have a reasonable belief that she was disabled under the ADA. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) *abrogation on other grounds recognized by Thomas v. Atlanta Pub. Sch.*, No. 23-11101, 2024 WL 2992938, at *6 (11th Cir. June 14, 2024). Indeed, the Eleventh Circuit concluded: "[M]erely assert[ing] that [a] back injury was a disability, without any grounds for the conclusion" was not enough to establish

---

[9] Plaintiff also primarily seeks damages for emotional distress. [Doc. 12, ¶ 48]. But those types of damages are not available under the Rehabilitation Act. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 221 (2022).

15

protected activity. *Id.*

It is also not clear that Colonel Carswell's "request" for Plaintiff to move her car constitutes an action that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm."). And, her claims that Sheriff Davis failed to accommodate her cannot be an adverse action for a retaliation claim. *Calvo v. Walgreens Corp.*, 340 F. App'x 618, 626 (11th Cir. 2009) ("Calvo asserts that Walgreens' failure to accommodate her upon her request amounted to retaliation under 42 U.S.C. § 12203(a). That assertion misunderstands the statute.").

Lastly, Plaintiff altogether fails to plead any causation element. Indeed, Plaintiff alleges that she told one supervisor about her disability, but another supervisor asked her to move her car. [Doc. 12, ¶¶ 22, 25]. She does not contend that Colonel Carswell—who asked her to move her car—knew about her request to park there. *Johnson v. Publix Super Markets, Inc.*, No. 404CV394-RH/WCS, 2005 WL 1876164, at *3 (N.D. Fla. Aug. 8, 2005) ("A manager who is unaware of an employee's protected conduct obviously cannot retaliate against the employee based on that conduct.").

In the end, Plaintiff's Rehabilitation Act claims fail and must be **DISMISSED**.

### III.     Georgia-Law Claims

The only remaining claims, then, are Plaintiff's state-law claims. However, the

Court is not required to hear them. Indeed, federal courts may exercise supplemental jurisdiction over state law claims "in any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). "District courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[S]tate courts, not federal courts, should be the final arbiters of state law," and when a federal court "has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial." *Ingram v. Sch. Bd. Of Miami-Dade Cnty.*, 167 F.App'x 107, 108 (11th Cir. 2006) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). "[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 552 (2005). Accordingly, the Court declines to exercise supplementary jurisdiction over Plaintiff's remaining state-law claims against Sheriff Davis in accordance with the considerable discretion afforded the Court by 28 U.S.C. § 1367(c)(3). Consequently, all of Plaintiff's state-law claims are **DISMISSED without prejudice**. The Court reminds Plaintiff that should she wish to pursue these state-law claims, she may do so in the appropriate forum in the State of Georgia.

## CONCLUSION

In the end, Plaintiff's federal-law claims are barred by sovereign immunity and cannot be brought in this Court. While Plaintiff may be without relief in this forum, all

17

is not lost. Plaintiff may file most of her claims in state court. *Gary*, 323 F. Supp. 2d at 1372; *Hodge-Peets*, 899 S.E.2d at 370. Regardless, as to the claims presented in this action, the Court **GRANTS** Sheriff Davis's Motion to Dismiss [Doc. 19] and **DISMISSES** Plaintiff's claims **without prejudice**.[10] Since Defendant Bibb County Sheriff's Office is not a proper party, and all claims against Sheriff Davis are dismissed, the Clerk is **DIRECTED** to **ENTER JUDGMENT** and **CLOSE** this case.

**SO ORDERED**, this 13th day of September, 2024.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[10] As to the federal-law claims, the Court dismisses them based on sovereign immunity, so dismissal without prejudice is appropriate. *Dupree v. Owens*, 92 F.4th 999, 1008 (11th Cir. 2024) ("Because the dismissals were based on sovereign immunity grounds, the jurisdictional nature of the dismissal requires it to be entered without prejudice.").